McCOLLUM *vs.* McCOLLUM'S EXECUTOR.

[PETITION FOR SALE OF PERSONAL PROPERTY OF DECEDENT'S ESTATE.]

1. *Sufficiency of appeal bond as security for costs.*—A bond, conditioned as *supersedeas* bonds usually are, is a sufficient security for the costs of an appeal, (Code, § 3041,) although the decree appealed from is one which cannot be superseded.
2. *Jurisdiction of probate court to order sale of decedent's personal estate.*—Under the act of 1854, (Session Acts 1853–4, p. 45,) the probate court has no authority to order the sale of a decedent's personal estate, for the purpose of making distribution, when that power is vested in the executor by the will.
3. *Executor's authority to sell property.*—Where the testator's will directs all his property, both real and personal, to be "valued by three disinterested men, and divided or sold," and the proceeds of sale to be distributed among the legatees, but does not designate the person by whom the sale is to be made, the executor has the power to sell.

APPEAL from the Probate Court of Fayette.

IN the matter of the estate of Newman McCollum, deceased, on the application of the executor, Joseph McCollum, for an order to sell the perishable property for the purpose of making distribution among the parties interested. The testator's will, which was duly admitted to probate in March, 1858, contained a clause in these words: "I desire all my lands and negroes to be valued by three disinterested men as cash, with the future increase of the negro women, if any, all my household furniture, and all my perishable property, to be valued and divided, or sold, and the money divided into four parts," &c., and to be distributed among the persons named. The application was contested by one of the legatees and heirs-at-law, but was granted by the court; and no exception was reserved to the ruling. It is now assigned as error, that the probate court had no jurisdiction to grant the order of sale.

The appellee submitted a motion to dismiss the appeal, on the ground that the appeal bond could not operate as a *supersedeas*, because the decree was one which could not

be superseded; and that it was not a sufficient security for the costs, because the condition was not general enough to cover all the costs that might be incurred. The bond purported to supersede the decree, and was conditioned that the appellant "shall prosecute said appeal to effect, and pay and satisfy such judgment as the supreme court may render in the premises."

E. W. PECK, for the appellant.

VAN HOOSE & POWELL, contra.

R. W. WALKER, J.—Under the authority of the decision in the case of Walker v. Hunter, at the present term, we must consider the appeal bond found in this record as a sufficient security for the costs; and the motion to dismiss the appeal is therefore overruled.

[2.] The act of February 16, 1854, (Session Acts '53 and '54, p. 45,) invests the probate court with authority to order the sale of the personal estate of a decedent, to make distribution among the legatees or distributees, "unless power is conferred by the will to sell such property for that purpose." The jurisdiction of the court is thus made to depend on the fact, that under the will the executor has no power to sell such property for the purpose of division among the legatees.

[3.] In the present case, the testator directs all his property, lands, negroes, &c., to be valued by three disinterested men, and divided, or sold, and the money distributed among the legatees. A power to sell the slaves, and distribute the proceeds, is here conferred; and although the executor is not expressly designated as the donee of the power, it devolves upon him by necessary implication. For, wherever such a power is given by will, the law casts it upon the person who is appointed by the testator to execute the will, unless it is specially delegated to another.—4 Kent, 327 ; 1 Sugden on Powers, 167, 172. It follows that the court had no jurisdiction to make the order in this case.

The decree is reversed, and the cause remanded, with directions to the probate court to dismiss the proceeding.