# Williams's Devisees *v.* Williams's Administrator.

*Petition for Sale of Decedent's Lands, for Payment of Debts.*

1. *Liability of decedent's lands for payment of debts.* — The statutes of this State charge the whole of a decedent's property, with a few specified exceptions, with the payment of his debts (Rev. Code, §§ 2060, 2079–80), and authorize a sale of his lands for this purpose; and his personal representative cannot defeat this charge, by delivering the lands to the devisees under the will before the debts are paid.

2. *Sale of decedent's lands for payment of debts; jurisdiction of Probate Court to order.* — The jurisdiction of the Probate Court, to order a sale of the decedent's lands for the payment of debts, attaches when a petition is filed by the executor, or by the administrator with the will annexed, alleging that the decedent died seised of the lands sought to be sold, and that said lands lie within the jurisdiction of the court, and that there are valid unpaid debts against the estate, and that the personal estate is insufficient for their payment, and that the will gives no power to sell the lands for that purpose.

3. *Same; parties.* — If the lands sought to be sold have been devised by the testator, the devisees are the only necessary parties defendant to the proceeding.

4. *Same; pleadings.* — If the petition is contested, matter which is good only in abatement, *e. g.* the non-joinder of a necessary party defendant, cannot be joined in the answer or plea, with matter which is good only in bar.

5. *Same; evidence.* — On the trial or hearing of the application, all the jurisdictional facts must be proved as alleged, unless they are admitted; and if the application is contested, the evidence offered must be confined to some one or more of the jurisdictional facts.

6. *Construction of will, as to executor's power to sell lands for payment of debts.* — A clause in these words: " I do hereby appoint my beloved friend, J. H., as executor of this my last will and testament, to sell and collect such property or debts as may fall into his hands, pay off such lawful claim or claims as may be justly presented, returning unto each heir their portion thereof according to law," — does not authorize the executor to sell, for the payment of debts, lands devised by the will.

APPEAL from the Probate Court of Greene.

In the matter of the estate of Lawrence Williams, deceased, on the application of Thomas C. Clark, the administrator with the will annexed, to sell certain lands which said decedent had devised to the appellants, for the purpose of paying the outstanding debts of the estate. The material facts are stated in the opinion of the court.

MORGAN & JOLLEY, for appellants.

CLARKE & COLEMAN, *contra.*

PETERS, C. J. — This is an appeal from an order of the Probate Court of Greene County, made on the application of the administrator *de bonis non* of the estate of Lawrence Williams, deceased, with the will annexed, giving said administrator authority to sell certain lands of said deceased, described in the application, for the payment of the debts of said deceased, when there was a will which devised said lands to certain persons named in said will. The order for the sale was contested in the court below by the heirs and devisees of said deceased testator. The contest seems to have been made on two grounds: The one was, that there was a will which deprived the court of jurisdiction; the other was, that, admitting the jurisdiction to exist, the court committed fatal errors in its exercise, as shown by the record. The order for the sale was granted. The heirs and devisees bring the case here, and assign, as errors, a want of jurisdiction in the court below, and certain irregularities in its exercise, which the appellants insist are fatal to the validity of the order.

With certain exceptions, the law charges the whole property of the decedent with the payment of his debts, and authorizes a sale of the same for that purpose. Rev. Code, § 2060. This charge the executor or administrator cannot defeat by a distri-

[Williams's Devisees *v.* Williams's Administrator.]

bution of the lands under devises in the will, before the debts are paid. In order to ascertain what the law demands in a proceeding to sell the realty, it is necessary to take some notice of the statute, which confers the power upon the Probate Court to make such an order as the one in controversy in this case. The decree complained of was rendered on the 14th day of July, 1870. At that time, the Court of Probate was a court of " general jurisdiction," so far as the laws of the State had clothed it with power to act. Const. Ala. 1867, Art. VI. § 9. The Code directs that lands may be sold by the executor, or administrator with the will annexed, for the payment of debts, when the will gives no power to sell the same for that purpose, and the personal estate is insufficient therefor. Rev. Code, § 2070. The mode of procedure is also pointed out by the Code. Rev. Code, §§ 2081, 2082, and sections there referred to. The application for such an order must show, as facts which authorize the exercise of jurisdiction, that there is an executor, or administrator with the will annexed, who makes the application ; that the testator died seised of the lands sought to be sold, and which lie within the jurisdiction of the court ; that the will gives no power to sell the lands described in the application for the payment of debts ; that there are valid debts of the testator unpaid, which his estate is liable to pay ; and that the personal estate is insufficient for their payment. When this application is made, or filed in the proper court, the jurisdiction is complete, so far as the power to make a final decree in the cause is involved. *Satcher* v. *Satcher*, 41 Ala. 26. But before the court can proceed to make any such final decree, except a decree to dismiss the application and tax the applicant with the costs, a proper time must be set for the hearing of the application, and notice of the same must be given to the heirs and devisees as required by the statute, if the parties entitled to such notice do not appear at the day of hearing and waive the same. Rev. Code, §§ 2082, 2083, 2223, 2224, 2227. On the day of the hearing, the applicant must show to the court, " that the personal property of the estate is insufficient for the payment of the debts." Rev. Code, § 2084. He must also prove, to the satisfaction of the court, all the other facts set out in his application, which are essential to give the court jurisdiction, whether there is a contest or not, unless they are admitted by the parties interested. If all these jurisdictional facts are not proved on the hearing, the application should be dismissed at the costs of the applicant, " for which execution may issue against him and his securities." Rev. Code, § 2087. But if, on the hearing, these facts are proven to the satisfaction of the court, " the court may direct the sale of all or such portion of the real estate," — described

in the application, — " as may be necessary to pay the debts." Rev. Code, § 2086.

From this view of the law, it seems evident that, at the contest upon the hearing of the application for the sale, the parties cannot go outside of the proof of the facts upon which the sale is allowed to be made. Therefore, the answer to the application offered to be filed by George Williams, Jackson Williams, and Lawrence Williams, three of the contestants, in which they state: " 1. That all of the heirs and distributees of decedent are not made parties to the said petition ; that Simeon Williams, a deceased child of said decedent, has an infant female child of tender years, named Simeon Williams, living with its mother, the widow of said Simeon, in the State of Arkansas, who should be a party. 2. That Jesse Hill, the executor of Lawrence Williams, deceased, delivered the lands and other property devised and bequeathed by the will of said Williams to the heirs entitled thereto, before the settlement of his executorship; that said Hill, after delivering said property, had ample property of the estate left in his hands to pay all the debts of said estate ; that he wasted and converted said property, and 'that his bond as such executor is a good and solvent bond, and that the sureties thereto are able to respond to any creditor who has been damaged by the *devastavit* of said executor; and that said creditors have not pursued said executor and sureties to insolvency; and said defendants say, that this court has no right or jurisdiction to order a sale of the lands devised to them," is insufficient as a plea in bar of said application, and it was properly rejected by the court.

The first portion of the contestants' answer is, in effect, a plea in abatement ; but it does not show that said child Simeon has any interest in the lands in controversy. The second portion is a plea in bar, or intended as such. The plea in bar waives the plea in abatement. Both cannot be pleaded together. Whether the child in Arkansas had any interest in the controversy is a matter of very grave doubt. I think it had no such interest in the lands sought to be sold whatever. They were not given to it, or its father or mother, by the will of the testator, who was its grandfather ; and the legatees to whom the lands were given were in court, contesting the application for the sale. This appears from the evidence before the court on the hearing below, and from the will which was a part of the applicant's evidence on the trial below. There was no error, then, in rejecting this answer as a plea in bar of the order for the sale.

I do not understand that it is contended at this bar, by the learned counsel for the appellants, with any serious confidence of its correctness, that the will of Lawrence Williams, deceased,

gives power to his executor to sell his lands for the purpose of the payment of his debts. If it does not, then the will is no bar to a grant of the administrator's application. The only clause of the will that can be construed to have any reference to such a power is couched in this language : " Item 9th. I do hereby set apart and appoint my beloved friend, Jesse Hill, as executor of this my last will and testament, to sell and collect such property or debts as may fall into his hands, pay off such lawful claim or claims as may be justly presented, returning unto each heir their portion thereof according to law." This language, though not free from confusion and some uncertainty, does not seem to me capable of bearing the construction of a power to sell the testator's lands, already specifically devised in his will to certain of his children, named as his legatees. I think, therefore, that the learned judge of the court below was not mistaken in its import, when he refused to consider it as evidence of a power to sell. The other essential facts of the application do not seem to have been contested. If they had been, they are amply established by the proofs. I am unable to discover any irregularity in the action of the court below, for which its decree should be reversed. It is therefore affirmed, with costs.