[Blount et al. v. Moore.]

# Blount et al. v. Moore.

*Bill in Equity to set aside Executor's Sale for Confederate Currency.*

1. *Executor, power of, to sell testator's lands; when implied.*—It is not essential to the creation of a power in the executor, to sell his testator's lands, that such power be expressly given to the executor in formal words; if it be apparent that such was the testator's intention, to enable him to execute the trusts of the will, the power will be implied.

2. *Same.*—A general direction in the will that the testator's real and personal estate be sold, without saying by whom, and a devise and bequest of a money legacy to a brother and nephew, the remainder of the proceeds to go to his wife, necessarily confers on the executor power to make the sale.

3. *Confederate currency; payment to executor.*—An executor's sale and conveyances of his testator's land cannot be set aside merely because he received the purchase money in Confederate treasury notes; if the purchaser made the payment in good faith without any fraud or concert with executor, it is, as regards him, as valid as if made in coin. What may be the liability of the executor, to those interested in the testator's estate, for receiving such currency, depends on the diligence and good faith exercised by him, in view of all the facts and circumstances of the case.

APPEAL from Chancery Court of Perry.

Heard before Hon. CHARLES TURNER.

This was a bill in equity, filed on the 26th day of February, 1873, by John Moore, administrator of John W. Montague, deceased, who was a legatee under the will of Richard Montague, deceased, against Edward A. Blount, executor of the last will and testament of said Richard; Mary A. Cocke, who purchased lands belonging to said testator from the executor, and received his conveyance therefor, and Henry Hall and Elsie Cocke, who were in possession of a portion of it under a purchase from her. The bill alleged that Richard Montague died testate in Perry county in February, 1861; that his will was duly admitted to probate, and Blount thereupon duly qualified as executor; that in December, 1863, he sold and conveyed the lot in controversy to Mary A. Cocke, receiving payment in Confederate money, delivered the possession, and executed a conveyance to her; that after remaining in possession some time, she conveyed part of it to her co-defendants, Hall and Elsie Cocke. It further alleged that no payment had ever been made on account of said legacy, either to complainant or his intestate; that Blount never made any settlement of his executorship; that he is wholly insolvent, and has since been duly adjudicated a bankrupt; that both his sureties are dead, and their estates

insolvent; that the personal property of testator at the time of his death, and which went into the hands of Blount, was sufficient to pay all the debts.

The bill prays that Blount be required to make a settlement of his executorship; that the conveyances to the defendants be set aside, and that they be required to account for the rents, incomes and profits of the lot, and so much of the proceeds thereof as may be necessary, applied to the payment of the legacy due complainant's intestate, and for general relief.

The defendants, Henry Hall and Elsie Cocke, demurred to the bill, and the demurrers being sustained, it was dismissed as to them.

The will of Richard Montague directs that the said lot, "together with all the property I possess, of whatsoever description, be sold and all my just debts paid." He then bequeaths five hundred dollars to complainant's intestate, and a like sum to a nephew, and then provides that "the balance of my property remaining after my just debts are paid, I give and bequeath to W. T. Hendon, in trust for the sole use and benefit of my wife Maria." He then nominates Blount as executor. The testimony shows that the sale to Mrs. Cocke was fair, and entered into on both sides in good faith; that the purchase money paid was the full value of the property in Confederate currency; and that the executor had used it very beneficially to the estate. Blount's bankruptcy and the death and insolvency of his sureties were admitted.

The Chancellor, holding that the decisions of this court, in *Hill, Adm'r, v. Erwin*, 44 Ala. 662; and *Moseley v. Tuthill*, 45 Ala. 655, settled that a payment in Confederate money was invalid, and that such a sale, and a conveyance under it, must be set aside on application to a court of equity, rendered a decree setting aside the sale, and directing an account to be taken of the rents, incomes and profits received by Mary A. Cocke since she went into possession. The decree also required Blount to make a settlement, &c.

The defendants appealed, and here assign as error, among other things, the decree setting aside the sale, and requiring the purchaser, Mary Cocke, to account for the rents, incomes and profits.

JOHN F. VARY, for appellant.

JOHN MOORE, and BRAGG & THORINGTON, *contra.*

BRICKELL, C. J.—The power of the executor, under the will, to make sale of the testator's lands, is not questioned,

either in argument or by the pleadings. There is a general direction that the real estate be sold for the payment of debts, without stating by whom it is to be made. Pecuniary legacies are given, which it is apparent could have been given only in expectation of their payment from the proceeds of the sale of the real estate, the personal assets not being sufficient for that purpose. The general principle is very clearly stated in *Winston v. Jones*, 6 Ala. 554: "No precise form of words is necessary to the creation of a power; if the intention to confer the power is apparent, to enable the executor to execute the trusts of the will, the power will be implied." In *Tylden v. Hyde*, 2 Sim. & Stu. (1 Eng. Ch.) 238, there was, as in this case, a mere general direction in the will that real and personal estate should be sold, without saying by whom, and a devise and bequest of the proceeds to be divided amongst the testator's sisters; a power to the executors to make the sale was implied. The proceeds of sale were of necessity to pass under the control of the executors, and be divided by them, in the execution of the trusts of the will. Here, the law charged the executor with the payment of the debts of the testator, as his primary duty, and then with the payment of legacies. This duty he could not perform unless the proceeds of the sale passed into his possession. The implication that he should make the sale, the will directed, is unavoidable.

A sale was made by the executor, in execution of the power, which is not impeached because of any fraud or collusion between him and the purchaser, nor because of any unfairness attending it; nor is it pretended the sum for which it was made was not the full value of the lands sold. The only ground on which it is assailed, is, that Confederate treasury notes were received from the purchaser as the consideration money by the executor, when they were the circulating medium of the country. This certainly does not render the sale void or voidable. In *Waring v. Lewis*, 53 Ala. 615, we held, an executor or administrator had power to receive such notes in discharge of choses in action, assets in his hands to be administered, or of judgments recovered by him in his representative capacity. In the absence of fraudulent concert between him and the person paying, a payment made in them was in legal effect a satisfaction of the demand equally with a payment in gold or silver. The payment to the executor of the purchase money in Confederate treasury notes was, as to the purchaser, a full satisfaction, entitling him to the conveyance of title which was made. What may be the liability of the executor because he accepted such notes in payment, is a question not now arising. That depends on

the want of diligence and good faith which may or not be imputable to him, under all the circumstances attending the transaction.—*Key v. Jones,* 52 Ala. 238.

The decree must be reversed and the cause remanded, with instructions to dismiss the bill as against the appellant, Mary A. Cocke, and the appellee will pay the costs of this appeal.