# Pratt Land & Improvement Co. *et al.* v. Robertson *et al.*

*Bill in Equity for Removal of Administration into Chancery Court, and for Sale of Lands for Distribution.*

1   *Bill in equity for removal of administration into chancery court and for sale of lands; multifariousness.*—Where a bill is filed by the heirs of a testator for the purpose of removing the administration of the decedent's estate from the probate into the chancery court, and for the purpose of having the lands of said estate sold for distribution among the heirs of said estate in accordance with the provisions of the will, and certain parties who had purchased the interest of certain heirs of the testator in said lands, and were claiming under said purchase, are made parties defendant, together with all of said heirs of said testator, such bill is not multifarious, because it makes said purchasers and the heirs who had sold their interest to them parties defendant.

APPEAL from the City Court of Birmingham, in Equity.
Heard before the Hon. CHAS. A. SENN.
The bill in this case was filed by the appellees, Dora Robertson and her minor children, suing by said Dora Robertson as their next friend, against the appellants.
The bill as amended avers the following facts: Reuben Robertson died testate in October, 1884, and his last will and testament was duly probated in the probate court of Jefferson county, where he resided at the time of his death, and where his property was situate. Said will which was attached as an exhibit to the bill, so far as it pertained to the disposition of his property, was in words and figures as follows:

"Item 2.   All my property, both real and personal, I give to my beloved wife, Malinda Robertson, for her own use and benefit during his natural life, and at the death of my said wife, Malinda Robertson, I will that all the property that may remain, that belongs to my estate, I give and bequeath to my two daughters, Martha Robertson and M. M. Robertson, jointly, to be theirs during their natural lives, unless one, or both of said girls shall marry, and in that event occurring (either before or after the death of my wife) this bequest is to be void as to that party who may have so married; and the property is to belong to the one that remains single.   And if both of said daughters shall marry this will is to be void so far as relates to them, one or both, being the owners thereof, but at their both marrying or dying, then my property is to be sold and the proceeds thereof is to be equally divided among all my lawful heirs giving an equal share to Martha and M. M. Robertson (if living) as well as all the balance.

"3d.   I hereby appoint and nominate my son, J. T. Robertson, as executor of this will."

Reuben Y. Robertson was a son of the testator and the husband of the complainant, Dora Robertson, and the father of the minor children of the complainant.   Said Reuben Y. Robertson died before his father, and there was no administration of his estate.   The names and respondents of all the other heirs at law of Reuben Robertson, deceased, were set out in the bill.   The Pratt Land & Improvement Company and other certain named parties claimed an interest in the land devised by the will of said Reuben Robertson, and claimed to have purchased said interest of certain of the heirs of said Reuben Robertson.   J. T. Robertson, who was named as executor of said will, qualified as such, and the administration of the estate of Reuben Robertson, deceased, was pending, in the probate court of Jefferson county at the time of the filing of the bill.

The provisions of the will as to the sale of said lands belonging to the estate of Reuben Robertson, deceased, and the distribution of the proceeds, have not been carried out.   M. M. Robertson, one of the daughters of

Reuben Robertson, who was named as the devisee of a life estate in the property of the testator, had married one R. J. Hughes. In October, 1900, Miss Martha Robertson, the other daughter and named devisee in said will, died.

It was then averred that the time had arrived when, under the provisions of said will, the lands belonging to the estate of said Reuben Robertson, deceased, should be sold, and the proceeds therefrom distributed as provided in said will, and that J. T. Robertson as executor of said will, claims power thereunder to sell said lands without an order of court. The other averments of the bill as amended are copied in the opinion.

The prayer of the bill was that the administration of the estate of Reuben Robertson, deceased, be removed from the probate court of Jefferson county into the chancery court; that J. T. Robertson as such executor, be required to make settlement of said estate in the chancery court, that said estate be finally settled, and that the will be construed and interpreted, and by decree of chancellor determined whether said lands should be sold under the orders of the court, or by said executor under the terms of said will; that said lands be ordered sold, and that a distribution of said lands be made between the heirs of Reuben Robertson or those holding under them.

To the bill as amended the respondents demurred upon the following grounds: 1. The bill is multifarious in this that it seeks to remove the administration of said estate of Reuben Robertson into this court, and for the administration of said estate and settlement of said estate in this court, and at the same time seeks for the sale of certain lands which constitute no part of the corpus of the estate of Reuben Robertson, deceased. 2. The lands described in said bill are no part of the assets of the estate of Reuben Robertson, deceased, subject to administration by the probate court. 3. Misjoinder of parties defendant in this, that some of the defendants are not entitled to or interested in the distribution of the estate of Reuben Robertson, subject to administration in the probate court.

On the submission of the cause upon these demurrers, the chancellor rendered a decree overruling said demurrers. From this decree the respondents appeal, and assign the rendition thereof as error.

W. I. GRUBB, for appellant.—The will of Reuben Robertson does not devise the lands described in the bill of complaint to the executor by name, with directions to sell, but merely directs that the executor should sell the lands. This is not sufficient to invest title in the executor or to interrupt the descent to the heir. In the case of *Robertson v. Allison,* 74 Ala. 257, the Supreme Court says: "If there was a devise of lands to executors by name, with direction to sell, the descent to the heir was interrupted and the freehold passed to the donee, coupling an interest with the power; and it was capable of execution by surviving executors, or by such as accepted the executorial duties and trusts. But a mere devise that executors should sell lands did not interrupt the descent to the heir, nor pass any estate to the executors."—*Lucas. v. Price,* 4 Ala. 679; *Patton v. Crow,* 26 Ala. 431; *Tarver v. Haines,* 55 Ala. 503; *Mitchell v. Spence,* 62 Ala. 650.

As to such of respondents as purchased undivided interest in the land described in the bill of complaint from devises under the will, and who had no interest in the estate of Reuben Robertson, except this, the bill is multifarious. The case of *Banks v. Speers,* 103 Ala. 436, holds that a bill is multifarious filed by a party interested in particular lands of an estate which seek relief as to these particular lands, and also to remove the administration to a chancery court for settlement. "Where different matters having no connection with each other are joined in a bill against separate defendants, a part of whom have no interest in or connection with some of the distinct matters for which the suit is brought, a demurrer to the bill will lie for multifariousness and the bill will be dismissed, but without prejudice."—*Waller et al. v. Taylor et al.,* 42 Ala. 297.

FRANCIS D. NABERS and SUMTER LEE, *contra.*—The objection that the bill is multifarious is founded on the

assumption that under the terms of the will, the real estate of Reuben Robertson, mentioned therein, descends directly to the heirs of the testator. To hold this would be to do violence to the very simplest form of expression, directing that the land be sold and the proceeds divided, and this to be done by the executor named in the will as J. T. Robertson, who had duly qualified as such. The language of the will even brings it within the requirements of the authority cited by the appellants to sustain this contention.—*Robertson v. Allison*, 74 Ala. 257-258. It is true in the Reuben Robertson will that the executor's name is not mentioned in the same sentence in which the direction is given for the sale of lands; but he is described as executor and in a few sentences afterwards is named J. T. Robertson. At all rates this 74 Ala. case in nowise conflicts with the following authorities selected from the Alabama Reports: *Winston v. Jones et al.,* 6 Ala. 550-554; *McCollum v. McCollum,* 33 Ala. 711; *Blount et al. v. Moore,* 54 Ala. 360.

DOWDELL, J.—The bill in this case is filed for the purpose of removing the administration of the estate of Reuben Robertson, deceased, from the probate into the chancery court, and among other objects, for the sale of certain described land for distribution in accordance with the terms of the last will and testament of the said Reuben Robertson, deceased. The bill as amended, among other things, avers that there are minor heirs interested; "that a doubt has arisen as to the construction of said will as to the power of the executor to sell under the will, and the interpretation of said will is necessary in order to enable complainants to enjoy their rights thereunder. They aver that the doubts as to the true construction of said will will prevent the sale of the property ordered to be sold or provided by the terms of the will to be sold, at a fair price, and that unless by a decree of this court the true construction and interpretation of said will is established, said property when sold will probably be sacrificed." Appellants do not deny, but admit that the bill contains equity. The only question raised and insisted on in

[Pratt Land & Improvement Co. *et al.* v. Robertson *et al.*]

argument by counsel for appellants is whether the bill is multifarious, and to this question we will confine our consideration here. The contention of appellants is, that by the bill of Reuben Robertson, deceased, there was no devise of the land to the executor, but only a devise of a general power to sell, and, therefore, the title to the land devolved on the heirs, and the appellants having acquired by purchase the interest and title of one or more of the heirs, are tenants in common with the remaining heirs. And that as such tenants in common they have no interest in the administration of the estate of said Reuben Robertson, which is sought by the bill, or in other words, that the bill contains distinct subject matter, viz.: the administration of the estate and distribution of assets among distributees, and the sale of the particular land for distribution, and that in the former appellants have no interest, and in the latter the heirs who have parted with their title to appellants have no interest.

By the terms of the will, the contingency named having arisen, the power to sell is general and absolute. The language of the will is, after the happening of the contingency, "then my property is to be sold and the proceeds thereof is to be equally divided among all my lawful heirs giving an equal share to Martha and M. M. Robertson (if living), as well as all the balance." The next and last item of the will appoints J. T. Robertson executor. The power conferred by the will on the executor to sell is too clear to admit of question. *Blount et al. v. Moore,* 54 Ala. 360; *McCollum v. Mc-Collum, Exr.,* 33 Ala. 711; *Winston v. Jones, et al.,* 6 Ala. 550.

Whatever title descended to the heirs of Reuben Robertson, deceased, by failure of a specific devise of the land, descended subject to the power created by the will. The purchaser from the heir could acquire no greater right or interest than the heir had.

The will requires the land to be sold and the proceeds to be distributed, and when the time arrives for the execution of the power, in equity the land is regarded as proceeds in the hands of the donee of the power.—*Wat-*

[Brown v: Mayor and Aldermen of Birmingham.]

*son v. Martin*, 75 Ala. 506; *Hemphill v. Moody*, 64 Ala. 468.

. The heir could not by a sale and conveyance of his interest and title in the land defeat the power created by the will. The purchaser from the heir as to the execu-. tion of this power stood in the shoes of the heir. The appellants, therefore, were properly made parties to the bill, and the bill was not thereby rendered multifarious. The demurrer for multifariousness was properly overruled, and the decree will be affirmed.

Affirmed.

