(79 South. 356)

HARDEMAN et al. v. HARDEMAN.

HARDEMAN v. HARDEMAN et al.

(3 Div. 360, 360a.)

(Supreme Court of Alabama.   June 6, 1918.)

1. EXECUTORS    AND    ADMINISTRATORS ☞ 138(1)—SALE    OF    LAND—CREATION    OF POWER.

No precise form of words in a will is necessary to authorize an executor to sell land; it being sufficient that the intention to confer the power is apparent.

2. WILLS ☞614(1) — CONSTRUCTION — LIFE ESTATE.

A devise "I will and direct that my wife, as long as she remains single, and my three children, shall share and share alike," gave the wife a one-fourth interest for the term of her widowhood, with remainder to the children, and gave children a three-fourths vested interest.

3. WILLS ☞600(2)—FEE SIMPLE—POWER OF SALE.

A devise, directing "that my wife as long as she remains single and my three children, shall share and share alike" the property, or the proceeds, or income thereof, with power of sale for the maintenance of the wife and children, vested a three-fourths interest in the children, and conferred on them the remainder after the marriage or death of the widow in the other fourth, all subject to the power of sale.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Proceeding between Benjamin Hardeman and others, pro ami, and Sara A. Hardeman. From a decree, the former appeal, and the latter brings a cross-appeal. Affirmed.

L. A. Sanderson, of Montgomery, for appellants.   Sara A. Hardeman, pro se.

The following is the last will and testament of Benjamin F. Hardeman:

I appoint my wife, Sara A. Hardeman, executrix without bond.   Not required to report. I will and direct that my wife, Sara A. Hardeman, as long as she remains single, and my three children, Benjamin, Frances Augusta, and Sara Hardeman, shall share and share alike the property in my name, or the proceeds or income therefrom.   Any part or parts of my property may be sold at any time, for the maintenance of my wife and children, or any one of them, or when otherwise advantageous, provided the sale of same is solely for them or for their benefit.   June 25, 1916.
            [Signed] B. F. Hardeman.
Witness:
   P. J. Morgan.
   Jos. P. Wagner.

SAYRE, J.   [1] Question is made whether appellee, as executrix of the last will and testament of B. F. Hardeman, deceased, has power under the will to sell the property mentioned in the bill of complaint in this cause.   The general principle is stated in Winston v. Jones, 6 Ala. 550:

"No precise form of words is necessary to the creation of a power; if the intention to confer the power is apparent, to enable the executor to execute the trusts of the will, the power will be implied."

See Blount v. Moore, 54 Ala. 360.

Here the will contemplates a sale upon discretion, that discretion, evidently, to be exercised by the executrix.   The implication that the executrix may sell is unavoidable. Authorities, supra; Robinson v. Robinson, 105 Me. 68, 72 Atl. 883, 32 L. R. A. (N. S.), note 679, 134 Am. St. Rep. 537.   In Walker v. Murphy, 34 Ala. 591, cited by appellant, a power of sale by implication was denied, for the reason that the will directed that the property be held together for the support and education of children; and in Williams v. Williams, 49 Ala. 439, also cited, the court refused to extend a general power of sale to lands, for the reason that by the specific language of his will testator had already devised his lands to certain of his children.   These last-named cases are not considered as standing in the way of our conclusion that the will in this case authorized the executrix to make a sale of lands.

[2, 3] The court is of the further opinion that Sara A. Hardeman, testator's widow, takes under the will a one-fourth interest in the property devised for the term of her widowhood, and that upon her death or marriage the remainder of such interest will vest in the children named in the will and further that the other three-fourths interests in said property are by the will vested in the children named therein, subject, however, to the power of sale and to the use by the executrix of the income for the maintenance of said executrix and the children named—all in agreement with the decree rendered in the court below.

Affirmed on both appeals.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.