(91 South. 796)

**ALSTORK v. CURRY et al. (3 Div. 540.)**

(Supreme Court of Alabama. Jan. 19, 1922.)

1. **Executors and administrators** ⬤⟳473, 474 (1)—**Administration properly removed to circuit court on executor's verified petition that estate can be better administered.**

Under Acts 1911, p. 574, § 3, as amended by Acts 1915, p. 738, order removing administration from probate to circuit court on the equity docket is properly made by decree of circuit court, on verified petition of the executor that in his opinion the estate can be better administered there and that no final settlement has been made.

2. **Executors and administrators** ⬤⟳138(2)— **Power to sell implied from will.**

The will clearly expressing intent to give executor right to sell real estate, the power will be implied.

3. **Charities** ⬤⟳21(4)—**General class of worthy students held intended by will.**

A valid charity *held* created by residuary bequest as endowment fund for named college for "worthy student" to be selected by the institution's trustees and faculty; it being clear that the letter "s" was unintentionally omitted at the end of the quoted words, and that a general class was intended, the bequest being to aid the securing of an education.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by A. G. Alstork, as beneficiary and executor of the estate of John Wesley Alstork, deceased, against Frank Curry and

others, to remove the administration from the probate court to the circuit court in equity, and for the construction of a will. From a decree rendered, complainant appeals. Affirmed.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

Chancery has none other than statutory jurisdiction to order a sale of decedent's land. 159 Ala. 555, 48 South. 793; 164 Ala. 390, 51 South. 389; Sim's Chan. Prac. 662; section 2621, Code 1907. If the executor has power to sell, which is undoubted under the direction of paragraph U of the will, then the court is without jurisdiction to order a sale. 83 Ala. 528, 3 South. 321, 3 Am. St. Rep. 768; 198 Ala. 398, 73 South. 542; 54 Ala. 360; 140 Ala. 589, 37 South. 419; 201 Ala. 181, 77 South. 706. The bequest is void, because not a public charity. 5 R. C. L. 295; 33 Ala. 299, 70 Am. Dec. 590. If a charity, it is so uncertain as to beneficiaries, purposes, and amount as to be void. 104 Ala. 227, 16 South. 38; 11 C. J. 299, 339, 340; 5 R. C. L. 310; 203 Mo. 418, 101 S. W. 59, 14 L. R. A. (N. S.) 52, and note; 147 Ala. 287, 39 South. 907; 171 Ala. 593, 55 South. 143; 205 Ala. 535, 88 South. 835; 180 Ala. 179, 60 South. 293.

L. A. Sanderson, of Montgomery, for appellees.

The court properly decreed, and its judgment should be affirmed. 38 Ala. 299; 9 Port. 527; 171 Ala. 593, 55 South. 143; 180 Ala. 179, 60 South. 293; 147 Ala. 287, 39 South. 907; 203 Ala. 592, 84 South. 846; 40 Cyc. 1902; 137 Ala. 382, 35 South. 120; 218 Pa. 162, 67 Atl. 49, 12 L. R. A. (N. S.) 1177; 234 Mo. 117, 136 S. W. 415, 37 L. R. A. (N. S.) 1017, Ann. Cas. 1912D, 50; 2 Watts & S. 80; 57 Conn. 147, 17 Atl. 699; 62 Iowa, 129, 17 N. W. 437, 49 Am. Rep. 141.

MILLER, J. This bill is filed by A. G. Alstork, individually and as executor of the estate of John Wesley Alstork, deceased, to remove the administration of the estate from the probate court into the circuit court, on the equity docket, and for the construction of the will.

[1] The bill of complaint is sworn to; it recites that petitioner is executor of the estate of John Wesley Alstork, deceased, that in his opinion the estate can be better administered in the circuit court in equity than in the probate court, and that no final settlement thereof has been made. Under these averments, by sworn petition by the executor, the order removing the administration from the probate court to the circuit court on the equity docket was properly made by decree of the circuit court. Acts 1911, p. 574; Acts 1915, p. 738, amending section 3 of the act of 1911; Parker v. Robertson, 205 Ala. 434, 88 South. 418.

The will of decedent was duly probated, and a copy of it is attached to the bill as an exhibit and made part thereof. The original will was introduced in evidence, and is before this court for its consideration and construction. Section U of the will is the only part before us for interpretation. It reads:

"I bequeath that houses and lots No. 231, 229a, 229b; two houses on this lot being same number 210 in the city of Montgomery, Ala., Cleveland Ave., and five lots in Naval City, Ga., near Brunswick, Ga. Nos. 1, 2, 3, 4, and 5, 144 Division B and five lots at Greenville, Ala., adjoining Rev. G. W. Moorer, bought by Rev. J. C. Thompson and J. W. Alstork be sold.

"I also bequeath that my iron safe, my piano, my typewriter, be sold and the money accruing from sales be added to the following: I hold a due bill against the African Methodist Episcopal Zion Connection for service rendered, from 1904 to 1920, as General Steward (or Financial Sect.) for $1,223.00 at 6% per annum. This church is at Jackson, Mississippi.

"I give and bequeath to the Sect. of Missions of the Zion Connection for South American work $300.00. One mortgage on Metropolitan A. M. E. Zion Church, Smith & Glenn Sts. Atlanta, Ga. for $1,296.00. Three years semiannual payment at $216.00, payable March 1920, Sept. 1920, each year for (3) years until $1296.00 shall have been paid, then my executor will give deed in fee simple. I hold two shares $50.00 each—$100.00 in the Montgomery Realty & Investment Co., J. H. Fagan, Sect. Orom Campbell, Tr. I hold a policy in the order of Good Shepherds for $300.00. I am insured in the National Life Ins. Co. for $1,000. I have money on deposit in the First National Bank of Montgomery, Ala. and in the Fourth National Bank, Montgomery, Ala. I have a note against C. D. Dozier for $200. The bank books and papers will be found in my iron safe.

"After settling the bequests, I bequeath that the remainder of what is left be deposited in the bank (First National Bank) as endowment fund for worthy student who may be selected by the Board of Trustees and Faculty of the Lomax-Hannon Industrial College at Greenville, Ala. Whatever there may be belonging to me at my death that is not mentioned in this will, I give and bequeath it to the above Endowment Fund for Lomax-Hannon Industrial College."

[2] The parties agree that the words used in this section are sufficient to give the executor the power to sell the property described, subject to the rules prescribed by law. It clearly expresses the intent of the testator to give him the right to sell, and the power will be implied. Blount v. Moore, 54 Ala. 360; McCullum v. McCullum's Ex'r, 33 Ala. 711; Pratt v. Robertson, 140 Ala. 584, 37 South. 419; Hardeman v. Hardeman, 202 Ala. 18, 79 South. 356. The court by the decree declared the testator authorized the executor by the will to sell the property; and the decree requires the executor to report the sale in writing for confirmation to the

court within 10 days after the sale. No objection is now raised by any party to that part of the decree.

[3] In section U of the will the testator gives and bequeaths to the "Sect of Missions of the Zion Connection for South American work $300." This is a valid bequest, and the parties all agree to it. No question is raised on it. The real question is this: Did the testator create a valid charity by this provision of his will?

"After settling the bequests, I bequeath that the remainder of what is left be deposited in the bank (First National Bank) as endowment fund for worthy student who may be selected by the Board of Trustees and Faculty of the Lomax-Hannon Industrial College at Greenville, Alabama. Whatever there may be belonging to me at my death that is not mentioned in this will, I give and bequeath it to the above endowment fund for Lomax-Hannon Industrial College."

The appellant insists that this bequest is void because it is given to one unidentified student, and not a public charity, and, if a charity, it is too uncertain as "to the beneficiaries, purposes, and amount. This court, in Woodroof v. Hundley, 147 Ala. 287, 39 South. 907, quoted approvingly:

"Public charities indefinite in terms are necessarily limited in their administration by the amount (or fund available). Where the founder does not provide a rule or order of selection, there is, therefore, in every public charity a necessary power of selection of beneficiaries in the trustees."

And in Festorazzi v. St. Joseph's Catholic Church of Mobile, 104 Ala. 327, 18 South. 394, 25 L. R. A. 360, 53 Am. St. Rep. 48:

"To constitute a charitable use it must confer a public benefit open to an indefinite number of persons."

John Wesley Alstork died July 23, 1920. He left no children or their descendants. His brother is named as his executor. His brother's age is 56. The testator's age does not appear in the record. His will is in his own handwriting; his hand was not steady; it indicates old age of the testator. It is not clearly and regularly written on the paper. It appears he had no legal training. He leaves out words and letters here and there, and places periods occasionally where there should be commas; yet his intent and purpose is clear.

He was charitably inclined, and made many bequests thereto. He gave and bequeathed to "the Theological department of the Lomax-Hannon Industrial College, three hundred dollars for the training of young men and women for ministry of the African Methodist Episcopal Zion Church"; to "the Hood Theological Seminary at Livingston College, Salisbury, North Carolina, two hundred dollars for the training of young men and women for the work of the ministry of the African Methodist Episcopal Zion Church"; "to Hale Infirmary through trustees three hundred dollars"; "to the Lomax-Hannon Industrial College all of my library except the part that has been bequeathed to others in this will"; and "to the Sect of Missions of the Zion Connection for South American work, three hundred dollars." He makes many bequests to individuals—his brother and different nephews and nieces. These bequests mentioned are all lettered in his will from A to U, both inclusive. U, the one quoted in full above, and the one in controversy, is the last section of the will.

It is clear he intended for all the property described in section U to be sold, collected, and converted into money, and it, with all the residue of his estate not otherwise disposed of, to be given and bequeathed to the endowment fund for Lomax-Hannon Industrial College, to be used in aiding in the education of worthy students of the college, to be selected by the board of trustees and faculty of the college. There is nothing in the evidence to indicate the value, the amount in dollars, of this bequest. There is such a college. It is an educational institution, and it has students. The testator did not write a "worthy student" or some "worthy student," an unknown, indefinite person, one individual to be the beneficiary to be selected by the trustees and faculty of this college. It is clear he unintentionally left off the letter "s" after the words "worthy student," intending "worthy students," defining a class, a general class from which was to be selected his beneficiaries from time to time—"worthy students" of that college needing assistance to secure an education were intended as the class from which his beneficiaries are to be selected. He defined and indicated thereby the class of persons intended as beneficiaries of his gift. They must be students, persons seeking an education, "worthy students," worthy of assistance, to be selected by the trustees and faculty of the college. The bequest is to aid them to secure an education, and is therefore charitable in its purpose. The Lomax-Hannon Industrial College is named as trustee of the fund; "worthy students" of the college are named as a class from which to select the individual beneficiaries of the fund; they are to be selected under the will by the officials—trustees and faculty—of the college. The fund is open to an indefinite number of persons. The devise is made to the Lomax-Hannon Industrial College. The beneficiaries must be "worthy students" of that college, to be selected by the faculty and trustees. The purpose of the trust is a charitable cause, to aid the "worthy students" selected in securing an education. The bequest is therefore valid. Woodroof v. Hundley, 147 Ala. 287, 39 South. 907; Johns v. Birmingham S. & T. Co., 205 Ala. 535, 88 South. 835; 11 Corpus Juris, 340, § 59.

We find no error in the decree, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.