(98 South. 474)

## THOMAS v. FIELD. (3 Div. 647.)

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Wills &#8781;439—Intent and purpose of testator to prevail.**

The intent and purpose of the testator should prevail, if no statute prohibits it and it is permissible under the common law.

**2. Executors and administrators &#8781;14—Persons named must be appointed executors if fit.**

When a will is admitted to probate, the persons named as executors therein, if fit persons to serve as such, must be appointed by the judge of the court, under Code 1907, § 2507.

**3. Executors and administrators &#8781;14—Daughters held to have power to select executor.**

Where it was clear testators desired administration, either by four brothers, or one of them, or some fit person selected and nominated by two named daughters as long as they lived, the right of the daughters to select an executor did not terminate upon the selection of one who failed to act and resigned, but continued while the estate remained unadministered and undivided, under Code 1907, § 2507.

**4. Executors and administrators &#8781;138(2)—Executor held empowered to sell and convey all property.**

A will, requiring executor to keep estate together for 20 years, but also providing for payment of certain amounts in cash on marriage of daughters and otherwise, *held* to authorize the executor to sell and convey any and all property, real or personal or both, owned by the testatrix at the time of her death.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by Lamar Field, as executor of the will of Ella H. Brock, deceased, against Nellie Brock Field, Julia Brock Spangler, Julia Weedon, and Lamar Field, Jr., and Ellen Spangler, minors, seeking a construction of the said will. From the decree, E. Perry Thomas, as guardian ad litem for the minors, Lamar Field, Jr., and Ellen Spangler, appeals. Affirmed.

E. Perry Thomas, of Montgomery, for appellant.

The appointment by the probate court of an executor, and the grant by it of letters testamentary to one not designated in the will, is an absolute nullity. Blakely v. Frazier, 20 S. C. 144; Code 1907, § 2507; Blacksher v. Northrup, 176 Ala. 190, 57 South. 943, 42 L. R. A. (N. S.) 454; Kidd v. Bates, 120 Ala. 79, 23 South. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17; Curtis v. Williams, 33 Ala. 574. The power of disposition granted in the will extends only to property purchased by the executor.

Lamar Field, of Montgomery, for appellee.

Under the common law, one in making a will may provide for such succession of personal representatives as may be desired, provided no statutory provision is contravened. There is no inhibitory statute in this state. 11 R. C. L. 32; 3 Alexander's Comm. on Wills, 1891; 18 Cyc. 76 (c), and cases cited. Under the terms of the will, the executor may sell any property of the estate; it is not required that any particular property of the estate be kept together. The form of the principal of the estate is left to the discretion of the executor. Alstork v. Curry, 207 Ala. 135, 91 South. 796; Hardeman v. Hardeman, 202 Ala. 18, 79 South. 356; Blount v. Moore, 54 Ala. 360; Ames v. Ames, 15 R. I. 12, 22 Atl. 1117; R. I. Co. v. Harris, 20 R. I. 160, 37 Atl. 701.

MILLER, J. This is a bill in equity filed by Lamar Field as executor of the estate of Ella H. Brock, deceased, against Ellen Spangler and others, devisees and legatees under the will of decedent. The administration of the estate was duly removed from the probate court into the circuit court, in equity, as permitted by an act in General Acts 1911, p. 574, as amended General Acts 1915, p. 738. The bill of complaint as amended seeks an interpretation of the will of decedent, and whether or not Lamar Field is the executor, and, if so, his powers and authority, if any, under the will, to sell and convey the real estate owned by the testatrix at the time of her death. From a decree granting complainant the relief he seeks, this appeal is prosecuted, and the decree is assigned as error.

The testatrix, Mrs. Brock, died January 18, 1920, and her last will and testament was duly probated and admitted to record in the probate court of Montgomery county, Ala. Paragraph 5 of the will reads as follows:

"Having full confidence in my brothers, Fox Henderson, J. C. Henderson, Chas. Henderson, and J. E. Henderson, I do hereby constitute and nominate them the executors of this my last will and testament, empowering them to transact all of the business herein provided for, authorizing them to make such investments of the funds of said estate as to their judgment may seem good; to purchase property or dispose of same, executing when necessary deeds thereto without having to report the same to any court, and if any of my said brothers should fail to qualify or to act under this will, then I constitute my remaining brothers my sole executors as herein provided for, and should all of them decline to act, then it is my will that my two daughters shall nominate an executor, and that the court having jurisdiction, shall appoint him with the powers herein contained conferred upon him."

The persons named by her as executors are her brothers; one of them died before the

testatrix, Mrs. Brock, and the other three declined in writing to act as such executors, which was filed in the cause in the probate court. The two daughters of the testatrix thereupon petitioned the probate court in writing to appoint Nellie Brock Field, one of the two daughters, as executrix of the estate, which petition the court granted, and she was duly appointed and qualified; but a short time thereafter she resigned. It appears from the evidence she received none of the property, and performed no duty under the will. Her resignation was accepted by the probate court, and thereafter the two daughters of the testatrix, in writing, nominated Lamar Field as executor of the estate, and petitioned the probate court, in writing, to appoint him. The petition was granted. Lamar Field qualified, and was duly appointed by the probate court executor of the estate. These proceedings were had in the probate court before the administration of the estate was removed in the circuit court in equity.

[1] It appears from other paragraphs of the will, which will be copied later in this opinion, that the testatrix directed the estate to be kept together for a period of 20 years from the date of her death, the executors "investing it in such manner as they shall see fit," and to pay the income or interest therefrom to her two daughters, etc. It was evident from the will that the testatrix desired, proposed, and intended that her estate be administered, and the duties under the will be performed either by her four brothers or one or more of them, or, if they all failed to act, then by a suitable person to be selected by her two daughters, and nominated by them to the court, which was done, when they nominated Lamar Field as the executor, and the court appointed him. In this respect the intent and purpose of the testatrix should prevail, if no statute in this state prohibits it, and it is permissible under the common law.

[2] When a will is admitted to probate, the persons named as executors therein, if fit persons to serve as such, must be appointed by the judge of the court. Section 2507, Code 1907. Our statutes contain no inhibition against a testatrix committing the administration of her estate and the care and management of her property to such individuals or succession of individuals selected by her or to be named by others, if the person or persons so designated by her to name the executor is mentioned in the will, and if they are a fit person or persons to serve as such, the judge of the court should grant to them letters testamentary as the testatrix intended. The general rule on this subject is thus declared in section 18, p. 32, of 11 R. C. L.:

"By virtue of the provisions of the statute of wills, a testator may name the person who shall be the executor of his will. Not only is

this right of a decedent now universally recognized, but in many jurisdictions it is within the power of a testator, not only to appoint personally, but to project his power of appointment into the future, and exercise it after death, through an agent selected by him. Such agent may be pointed out by name, or by his office or other method of certain identification. A testator may even authorize the court of another state to name a suitable person as executor. In accordance with these general principles, it has been held that a testator may provide that his children, or a majority of them, shall appoint the executor, and that their selection of a person as executor shall have the same effect as if he had been named as such in the will. This is the rule of the common law, and it has been held not to be abrogated by statutes declaring that, if there be no person named in the will as executor, or if those named shall have failed to qualify, have renounced, or have been removed, then that letters of administration with the will annexed shall be granted. Similarly a testator may delegate to his executor the power to select a co-executor."

The following principle is stated in 3 Alexander's Commentaries on Wills, § 1221, p. 1891:

"Within the limits and the time allowed by law, a testator may commit the administration of his estate and the care of his property to such individuals or succession of individuals, selected by himself or to be designated by others, as he may desire. He may dispose of the whole estate and the naked custody and management of it for a limited period, and the disposal, whether for a temporary purpose or otherwise, may be, except as prohibited by statute, absolute, or provisional and conditional, or as others designated by him may from time to time direct. It cannot be controverted that a testator may delegate to another person the right to appoint his executor. It is a practice recognized by the common law, and is not violative of any principle of public policy. An executor is solely the creature of the testator, who has the power, not only to name his executor directly in his will, but he may in his will delegate to another the right to appoint an executor after his death, the only requirement being, as in the case of the appointment of an executor, that the one who may make the appointment be identified."

[3] It is clear the testatrix desired her estate to be administered under the powers expressed in the will, either by her four brothers or one of them, or some fit person selected and nominated by her two named daughters as long as they lived, and until the estate is divided. The will gives them the right to select one who would act, and, if they select one who fails to act, or acts in part and resigns, then the two daughters, as named, have the continued right under the will during their lives, and while the estate remains unadministered and undivided, to continue to nominate another person as executor one who will act. When Mrs. Nellie Brock Field was selected and nomi-

nated by them as executrix, was appointed by the court, accepted, qualified, and resigned as executrix, this did not exhaust the right of the two daughters to nominate another, Lamar Field, as executor. This right is clearly given them by the will; it is not contrary to our statutes; and it is permissible under the common law. The appointment by the probate court of Lamar Field as executor of the will of decedent was with authority of law, as he was recommended, selected, and nominated by the two daughters in writing to the court, as the will provided, when a vacancy existed in the office of executor of the estate. 3 Alexander on Wills, p. 1891, § 1221; 11 R. C. L. p. 32, § 16; 18 Cyc. p. 76c.

[4] Section 5 of the will above quoted gives and confers on the person named by the two daughters as executor, when appointed by the court, the same powers conferred upon the executors named by the testatrix. The powers and authority conferred on the four brothers, named as executors by the testatrix in the will, are merged and conferred on the executor Lamar Field, nominated by the two daughters under the direction of the will, when appointed by the court. The will provides:

"Then it is my will that my two daughters shall nominate an executor, and that the court having jurisdiction, shall appoint him with the powers herein contained conferred upon him."

Does the power of sale conferred by the will authorize the executor, Lamar Field, to sell and convey any and all property, real or personal, or both, owned by the testatrix at the time of her death? Section 1 of the will directs that all just debts be paid. Section 2 directs that not less than $2,500 be invested by her executors in a shaft to be erected in memory of her husband and herself on the cemetery lot, and that $500 be invested and set apart by the executors and the proceeds from it used under their direction in caring for the lot. Section 3 of the will reads as follows:

"It is my will that after the two former bequests have been made, that all of my estate, both real and personal, shall go to and become the property of my two daughters, Nellie Brock and Julia Brock, in equal parts, in the following manner, to wit:

"(a) It is my will that my executors shall keep my said estate together, investing it in such manner as they shall see fit, and paying to my two daughters hereinabove named the interest or income therefrom at such periods as to my executors shall seem to the best interest of my two said daughters, but my executors shall keep the principal of my estate intact for a period of twenty (20) years from the date of my death, and at the expiration of said time, the amount then on hand shall be divided equally between my two daughters hereinabove named, if they are both living at that time. If one of them should die before the other leaving issue, then her share shall go sub-

ject to the above conditions, to her issue the same as to her. If either should die leaving no issue before said twenty years, then the entire estate shall go to the one remaining. If both should die leaving no issue, then the entire estate shall go to my sister, Julia Weedon, if living; if dead, then my entire estate shall go to my heirs at law."

Section 4 of the will reads as follows:

"It is further my will that in case of the marriage of my daughters, or either of them, my executors shall set aside out of the body of my estate five thousand ($5,000) dollars with which to purchase a home for the daughter so marrying, the title to which shall be taken in the name of my said daughter, and in case both of my daughters shall marry, then an additional five thousand dollars ($5,000) shall be set apart so as to give to each a home of the value of five thousand ($5,000) dollars."

When the will was executed in 1912 by the testatrix, she had two daughters, Nellie Brock and Julia Brock, and also a sister Mrs. Julia Weedon. Julia Brock is now married, being Mrs. Julia Brock Spangler; and Nellie Brock is now married, being Mrs. Nellie Brock Field. The former has one daughter, Ellen Spangler, under two years of age, and the latter has a son, Lamar Field, Jr., under two years of age. Mrs. Field is the wife of complainant, Lamar Field, the executor of the estate. Mrs. Spangler, Mrs. Field, and Mrs. Weedon, together with the two children, are all made parties defendant to the bill of complaint as amended. The children have no guardian, and are represented by a guardian ad litem appointed by the court. They by their answer deny each allegation in the bill of complaint as amended. The other defendants admit the facts averred in the bill of complaint as amended, but are in doubt as to the legal interpretation of the will, and consent that it may be construed by the court.

The executor may and is authorized under the will to use the corpus or principal of the estate to pay the debts of the estate, to erect a shaft over the graves of testatrix and her husband to cost not less than $2,500, to invest $500, the proceeds of which must be used to care for the cemetery lot; to set aside $5,000 to each of her daughters, as both are now married, to purchase a home for each, to belong to them, respectively, in fee simple, absolutely. The remainder of the "principal of the estate shall be kept intact for a period of twenty (20) years from the date of death" of the testatrix, and at the expiration of said time the amount then on hand shall be divided equally between the daughters, if both are living at that time. The will then directs how the principal shall be divided, and to whom paid, if either or both of the daughters should die before that time. The will directs the executor "to keep my estate to-

gether, investing it in such manner as they see fit, and paying to my two daughters hereinbefore named the interest or income therefrom at such periods as to my executors shall seem to the best interest of my two said daughters." The executor must keep the estate together, the corpus, the principal of the estate, except what may be used otherwise as hereinbefore shown. The executor is directed to keep the estate together, but to keep it by "investing it in such manner as they see fit." And the executor is by the will empowered "to transact all of the business herein provided for, authorizing them to make such investments of the funds of the said estate as to their judgment may seem good; to purchase property or dispose of same, executing when necessary deeds thereto without having to report the same to any court."

The testatrix evidently intended that the corpus of the estate, the principal of the estate, with the exceptions hereinbefore noted, must be kept together intact, but that no specific piece of real or personal property or any property owned by testatrix at her death is to be held together intact. The will clearly contemplates a sale by the executor of the real and personal property or either of which the testatrix died seized and possessed. The executor is charged with the duty to pay the debts, to pay for the monument at the graves, to invest $500 to secure an income out of which to care for the cemetery lot, to set aside out of the body of the estate for each daughter when she marries $5,000 to purchase a home for her; and the executor is directed, "at the expiration of said time," meaning 20 years from the date of the death of testatrix, to divide equally "the amount then on hand," between her two daughters, "if they are both living at that time." These duties could not be performed by the executor unless the property of the estate was sold, and the proceeds from the sale of the property passed through his hands.

The conclusion is unavoidable that Lamar Field, as executor of the estate, is authorized by the will to sell and convey any of the property, real or personal, or both, which the testatrix owned at her death.

In Blount v. Moore, 54 Ala. 360, this court quoted with approval from Winston v. Jones, 6 Ala. 554, as follows:

"No precise form of words is necessary to the creation of a power; if the intention to confer the power is apparent to enable the executor to execute the trusts of the will, the power will be implied."

It is also quoted with approval in Hardeman v. Hardeman, 202 Ala. 18, 79 South. 356. See, also, Alstork v. Curry, 207 Ala. 135, 91 South. 796.

We find no error in the decree, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.