# Evins, Guardian, Etc. *et al.* v. Cawthon.

*Bill in Equity for Construction of Will and to Compel Issuance of Stock in Corporation.*

(Decided February 13, 1902.)

1. *Equity; jurisdiction of to compel issuance of stock in corporation.*—The owner of stock in a banking corporation, having sold her stock, and having made demand upon the bank to issue new certificates to her vendee, upon the surrender by

[Evins, Guardian, Etc. *et al.* v. Cawthon.]

her of the certificate issued to her, and the demand having been refused by the bank, may file a bill in equity to compel such action on the part of the bank.

2. *Parties, when executor not necessary party to bill to compel issuance of stock and for construction of will.*—Where the debts of an estate have been paid, and the special legacies mentioned in a will have been discharged, and the executors have divided the residuum of the estate between the two residuary legatees, such executors are not necessary or proper parties to a bill filed by one of the residuary legatees seeking to compel the issuance by a corporation of certificates of stock to her vendee, in lieu of certificates which have been issued to her as part of the residuum of the estate, and also to have the will constructed in so far as it affects her ownership of said stock.

3. *Will; construction of, as affecting power of residuary legatee to sell or expend property derived under the will.*—Where a testatrix in the residuary clause of her will provided that the residue of her property (after the payment of certain legacies) should be equally divided between her two daughters, and in the next item provided that in the event of the death of either daughter the survivor should have all the property bequeathed to the deceased daughter, "and not by her expended," and further provided "it is my purpose to prevent my daughters from disposing of the property bequeathed them by me by will." *Held*: That either daughter had the right and power under the will to expend any portion of the residuum received by her, and that this right carried with it the power to sell.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

The bill was filed by Lucy C. Cawthon against the City National Bank of Selma, T. J. Rowell, Florence Vaughan, and certain other legatees named in the will of Florence C. Carlisle. It sought to compel said bank to issue certificates of stock to said Rowell for five shares of its capital stock, the bill alleging that she was the owner of said stock as part of the residium bequeathed to her under the will, that certificates had been issued to her by the bank, that she had sold the stock to Rowell, and that she and Rowell had demanded the transfer thereof to Rowell on the books of the bank and the issuance of new certificates therefor to him, and that she had offered to surrender the certificate that had

been issued to her. It further showed that the bank had refused said demand, claiming that complainant had only a life interest in said property and had no right or power to sell it, under the terms of the will. The bill prayed that the bank be compelled to make said transfer on its books and issue to said Rowell a new certificate, and that the will, which was made an exhibit to the bill, be construed by the court. A motion to dismiss for want of equity was overruled, as were also demurrers based upon various grounds. The demurrers considered by the court in its opinion proceed upon the grounds (1st) that there is no equity in the bill; (2nd) that the executors named in the will were necessary and proper parties; (3rd) that under the terms of the will complainant and her sister, Florence Vaughan, had no power of disposition whatever of the property bequeathed. The defendants appeal.

L. E. JEFFRIES and DANIEL PARTRIDGE, JR., for appellants.—(1.) The bill is without equity in that complainant, having sold to Rowell, has parted with all interest in the stock and can ask for no affirmative relief for herself.—*Duke v. Cahaba Nav. Co.*, 10 Ala. 82; *Receivers Nat. Bank v. Laflin*, 13 Otto 697; 103 U. S. 532; *Campbell v. Woodstock Iron Co.*, 85 Ala. 351; *Planters, etc., Ins. Co. v. Selma Savings Bank*, 63 Ala. 585; *Davis v. Williams*, 25 So. Rep. 704; *Birmingham Trust & S. Co. v. La. Nat. Bank*, 99 Ala. 585; *Frenkel v. Hudson*, 82 Ala. 158; *Leggett v. Burnett*, 48 Ala. 380; *King v. Avery*, 37 Ala. 189; *Rapier v. Gulf, etc., Co.*, 69 Ala. 481; *Western Ry. v. McCall*, 89 Ala. 375; *Bell v. Thompson*, 34 Ala. 633; *Carter v. Thompson*, 41 Ala. 375; 20 Ency. Pl. & Pr., 456, 457. (2.) No trust being involved, the court will not entertain the bill for the mere purpose of construing the will.—*Lake View Co. v. Hannon*, 93 Ala. 88. (3.) The bill is one for specific parformance.—Morawetz on Corp. (2nd ed.), Vol. 1, §§ 164, 213, 214; *Bir. Nat. Bank v. Roden*, 97 Ala. 404. (4.) Complainant has no power of disposition under the will.—*Zimmerman v. Anders*, 6 Watts & Sergt. 218; 40 Am. Dec. 552; *Miller's Admr. v. Porterfield*, 86 Va. 876; 8 Am. St. Rep. 919; *Dryer v. Crawford*, 90 Ala.

131; *Pendley v. Madison*, 83 Ala. 484; *Weathers v. Patterson*, 30 Ala. 404. (5.) Complainant's estate is a base or determinable fee.—*Horton v. Sledge*, 29 Ala. 478; *Newsome v. Holesapple*, 101 Ala. 682.

DEGRAFFENREID & EVINS, also for appellants, cited 29 Am. & Eng. Ency. Law 349, note 2.

PITTS & PITTS and WATKINS M. VAUGHAN, for appellee.—(1.) The bill has equity.—Cook on Stocks and Stockholders (2nd ed.), 391; 23 Am. & Eng. Ency. Law, 664; *Shopley v. Bank*, 10 Johnson 484; 110 Mass. 96; *Cushman v. Thayer Mfg. Co.*, 76 N. Y. 365; *Mechanics Bank v. Seton*, 1 Peters 305. (2.) Complainant, under the will, is the owner of the stock, with power to sell it.—*Jackson v. Bull*, 10 Johnson 19; *Jackson v. Robbins*, 16 Johns. 584; *Ide v. Ide*, 5 Mass. 500; *Irwin v. Farrer*, 19 Ves. 87; 7 Cent. Dic., p. 5817 ("spend"); 20 Am. & Eng. Ency. Law 955; *Flynn v. Davis*, 18 Ala. 132; *Weathers v. Patterson*, 30 Ala. 404; *Alford v. Alford*, 56 Ala. 350; *Balmar v. Lobman*, 79 Ala. 63; *Adams v. Mason*, 85 Ala. 452; *Hood v. Bramlet*, 105 Ala. 660; *Wells v. Am. Mort. Co.*, 109 Ala. 430.

DOWDELL, J.—The bill as amended averred that the bank stock in question was part of the residuum of the estate. The will provides that the residuum shall be equally divided between the complainant and her sister, Florence Vaughan. It was the duty of the executors to make the division as directed by the will. The bill shows that all of the debts of the estate had been paid, and the special legacies mentioned in the will had been discharged. The number of shares of stock owned by the testatrix amounted to 104. The executors made an equal division of the same between the complainant and her sister Florence, delivering to each fifty-two shares, and for which new certificates were issued by the bank in their respective names and proper transfers duly made on the bank's books. Under this state of facts, the executors were neither necessary nor proper parties, having no interest whatever in the suit. The fifty-two shares of stock thus held by the complainant

were represented in one certificate. She had sold, or contracted to sell, and it is immaterial which, five of said shares to T. J. Rowell. It is plain that in order to carry out and consummate this sale, it became necessary to the transfer of the legal title to the five shares to Rowell and a delivery of the same that a certificate should issue to said Rowell and a transfer be made upon the books of the bank. And this required a surrender of the certificate representing the fifty-two shares and an issuance by the bank of other certificates. If the complainant owned the fifty-two shares in question, she undoubtedly had the right to sell any number of them, and upon the surrender of the certificate to have new certificates issued to her and her vendee, and it was the duty of the bank to issue new certificates upon her demand. She made the demand and the bank refused. This authorized her to come into equity to compel action on the part of the defendant bank. The bill prays that the bank be required to issue a new certificate to her vendee Rowell for the five shares sold to him, and that a new certificate be issued to her for the remaining forty-seven shares. The relief, therefore, sought by the bill is affirmative, and such as only could be had in a court of equity.—Cook on Stock and Stockholders (2nd ed.), 391; 23 Am. & Eng. Ency. Law, p. 664; *Cushman v. Thayer Mfg. Co.*, 76 N. Y. 365. The enforcement of this right incidentally involved a construction of the will. As a general rule the executor is the proper party to ask for a judicial construction of a will, and a mere devisee, in the absence of a trust or some special equity may not apply for that purpose alone.—*Lake View Mining & Mfg. Co. v. Hannon*, 93 Ala. 88-9. In the present case the main purpose of the bill was the transfer of the stock, and the construction of the will is drawn into question in the consideration of complainant's right to such transfer and to the issuance of certificates to effectuate the same and consummate the sale. The court having assumed jurisdiction for the purpose of compelling action on the part of the defendant bank, both the right and necessity for a construction of the will arose.

The controversy in this case grows out of that part of the will relating to the residuum of the estate. Item seven of the will is in the following language: "All the rest and residue of my estate, real, personal and mixed, of which I shall die seized and possessed, or to which I shall be entitled at my decease, I give, devise and bequeath to be equally divided between my said daughters, Lucy Cawthon and Florence Vaughan." The next item, eight, provides that if either daughter dies without surviving child, the surviving daughter shall "have all the property of every nature, kind and description that I have in this will given, devised and bequeathed to the deceased daughter and not by her expended." From the language employed in these two items as above quoted, it is, we think, manifest that the testatrix intended that the bequest to the complainant should be accompanied with the right of enjoyment of the same, and if necessary to its enjoyment, the further right and power of expending a part or all of it. And whether construed apart or in connection with other provisions in the will, it requires no strained construction to reach this conclusion. Unless the words, "and not by her expended," be wholly meaningless, they are susceptible of no other construction than what they necessarily import, and that obviously, if not necessarily, implies the right and power to expend. The right to expend carries with it the right of disposition by sale. The further provision in item 8 to the effect, "It is my purpose to prevent my daughters from disposing of the property bequeathed them by me by will," puts a limitation upon the disposition of the property by the daughter, not by her expended, in a testamentary way by such daughter, and whether impliedly a limitation as to any other manner of disposition or not when construed in connection with other provisions, is clearly not against the right of expending it. The first consideration of the testatrix was to provide for her daughters, and this is manifest throughout her will and was most natural, and she expresses her desire that they shall enjoy the property, and in which they might be defeated, if the construction contended for by the appellants should be given the will, and which is, that

by the terms of the will, the complainant and her sister
Florence Vaughan, have no power of disposition what-
ever of the property bequeathed. If such contention
were adopted, it might be asked, if the bank stock in
question paid no dividends, what enjoyment could the
complainant derive from the bequest without the right
of disposition under the will. We are clearly of the opin-
ion that by the terms of the will, it was the purpose
and intention of the testatrix to give to the complain-
ant Lucy Cawthon in the enjoyment of the bequest the
right to expend all or any portion of the same, and to
this end to make disposition by sale. What we have
said, is all that the necessities of the case require, and
it follows that the decree of the court below must be
affirmed.

