7 So.2d 560

**HENRY v. GRIFFITH et al.**

**8 Div. 178.**

Supreme Court of Alabama.
April 16, 1942.

Street & Orr, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellees.

BOULDIN, Justice.

The question of moment on this appeal is: Who should take under Item 10(b) of the will of Mary W. Lusk, deceased?

Item 10 directed the executor to convert the entire residuary estate into money, and, after payment of debts and all lawful expenses and charges, divide the net balance "into four (4) equal shares or parts.

"(a) One such share I devise and bequeath to the children of my deceased brother Thomas J. Griffith, share and share alike, and if anyone be deceased to their descendants per stirpes.

"(b) One such share I devise and bequeath to the children of my deceased sister Alice Griffith Henry or to their descendants share and share alike per stirpes.

"(c) One such share I devise and bequeath to the children of my deceased brother R. G. Griffith (except Thomas Charles Griffith who will take no part under this item of this will except as provided by Item Eleventh (11th) and the deed therein referred to) or to their descendants share and share alike per stirpes.

"(d) One such share I devise and bequeath to my sister Maggie Chapman, if living, or should she be dead to her children or their descendants share and share alike per stirpes."

At the time the will was executed in 1934, the children of deceased sister, Alice

Griffith Henry, were two brothers, Robert Henry and Hubert Henry. Hubert Henry died without descendants pending the life of the testatrix. When the will became effective on the death of the testatrix, Robert Henry was the sole descendant of his mother, Alice Griffith Henry, deceased.

The trial court took the view that under Item 10(b) the two brothers were to take share and share alike the one-fourth bequeathed to the children of their mother, and on the death of Hubert without issue, his bequest lapsed, and the fund intended for him, passed to next of kin; a case of partial intestacy.

Appellant insists the gift was to a class, determinable on the death of testatrix, and that he takes the one-fourth interest bequeathed in 10(b) as the sole member of the class.

■ "A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number, at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportions, the share of each being dependent for its amount on the ultimate number, and it is not on its face a transfer of title to any particular or designated member or members of the class." 69 C.J. p. 231, § 1262.

■ "The only universal rule for determining whether testamentary gifts to several persons are gifts to them as a class or as individuals is to ascertain the intention of the testator as expressed in the instrument to be construed. No hard and fast rule can be laid down for determining whether a will has created a class or classes; but, nevertheless, there are certain rules which, while subject to exception and to the principle that the intention of the testator must be given effect, are generally accepted and are not only of assistance, but must be considered. The same rules of law are applicable, in this connection, to grants or devises of real property and to dispositions of personal property to two or more persons. Primarily, the determination of the question depends on the language of the will, but it is not absolutely controlled and limited thereby; the substance and intent, rather than the words, are to control; as aids thereto, the general scope of the will, the general purpose of the testator, the particular language used, the relationship of the parties, and the surrounding circumstances may all be considered, subject always to the limitation, prevailing generally as to the availability of extrinsic facts and circumstances as aids to construction, that such matters cannot be resorted to in order to defeat the plain and unambiguous language of the will. When, in the light of these conditions, it appears that the number of persons who are to take and the amounts of their shares are uncertain until the devise or bequest takes effect and thus that the gift comes within the terms of the definition of a 'class gift,' the gift is one to a class; but when the number of beneficiaries is certain, or the share each is to receive is certain and in no way dependent for its amount on the number who shall survive, so that the definition of a 'class gift' is not satisfied, it is not a gift to a class but to the individuals distributively." Ib. § 1263.

■ "Testamentary provisions expressed in terms descriptive of a group or body of persons possessed of some common status or attribute, not connected with, nor referring or relating to, a designation by name of persons in the group, and not particularizing the amount of the provision made for each beneficiary, are held ordinarily to constitute gifts to a class where there is nothing to show a different intention." Ib. § 1264.

We consider these quotations accurate and adequate statements of the law, applied in our own cases. Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; Duncan v. De Yampert et al. 182 Ala. 528, 62 So. 673.

■■ Item 10 is a typical case of class gifts by will. No person is designated in (a) (b) or (c) to take a share. The testatrix expressly directed a division into four shares, and bequeathed one share to the class, who, at the time of the testatrix's death, should represent her deceased sister and one share to the class who should represent each of two deceased brothers, and the fourth to a living sister "or should she be dead to her children or their descendants share and share alike per stirpes." A will speaks as of the testatrix's death as a matter of law, and here the will discloses such thought in the mind of the testatrix.

■ Indeed, the will devises and bequeaths the residuary estate to the same persons and in the same shares they would have taken under the law of descent and distributions had there been no will, where

601

no other person is in being entitled to take in preference to or along with brothers and sisters and their descendants. Title 16, § 1(5) and § 2, Code of 1940.

No other feature of the will discloses any intention at variance with the terms of Item 10. Item 12 looks to having any indebtedness due from devisees and legatees figure as part of the estate, and be deducted from their several legacies. It deals only with debts due from beneficiaries under the will, and in no way defines such beneficiaries other than as disclosed in Item 10.

The court erred in holding Hubert Henry was bequeathed a legacy, which lapsed, and is to be dealt with as such.

We find no error in the allowance of commissions to the executor in the sum of $1,500.

By appellant's tabulation receipts were $31,140.57 on which 2½% commission would be $778.51.

Commissions on disbursements in payment of debts and other outlay in course of administration do not cover all commissions due upon final settlement and distribution of the estate.

"Upon the appraised value of all personal property and the amount of money and solvent notes distributed by executors or administrators, they shall be allowed the same commissions as upon disbursements." Title 61, § 378, Code of 1940; Kenan et al. v. Graham, 135 Ala. 585, 597, 33 So. 699; Noble v. Jackson, 124 Ala. 311, 26 So. 955.

The allowance did not exceed the maximum allowed by statute for the ordinary services in course of administration and final settlement.

The handling and winding up of this estate under the will involved much time, labor and responsibility, all well and faithfully performed. The court was well within his discretion in making the allowance of $1,500; regardless of any question of extraordinary services. Walsh v. Walsh, 231 Ala. 305, 164 So. 822.

For the error pointed out the decree of the court below must be reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.