13 So.2d 765

### MORGAN COUNTY NAT. BANK OF DE-CATUR v. NELSON et al.

8 Div. 217.

Supreme Court of Alabama.

May 13, 1943.

Rehearing Denied May 27, 1943.

Eyster & Eyster, of Decatur, for appellant.

Ben L. Britnell, of Decatur, for appellees.

FOSTER, Justice.

This is a suit filed by J. L. Nelson, the trustee acting under a clause in the will of

Lillian Ray Nelson (appointed by the court) and by May Nelson as the beneficiary of the trust, seeking a construction of the will in so far as it pertains to the trust.

In short, the will provides, after the payment of the debts (which are all said to be paid), that the residue of it be bequeathed as follows:

(a) 1/3 thereof to her brother-in-law J. C. F. Nelson.

(b) 1/3 to another brother-in-law William W. Nelson.

(c) "1/3 thereof in trust to J. C. F. Nelson to be used for the support, maintenance and benefit of my sister-in-law May Nelson. Any part of the property given in trust to the said J. C. F. Nelson undisposed of at the time of the death of the said May Nelson, I give, devise and bequeath share and share alike to my brothers-in-law J. C. F. Nelson and William W. Nelson."

The will was executed November 27, 1929, and testatrix died November 26, 1939, and it has been duly probated, with appellant named as executor. The administration was removed into equity. Testatrix left no heirs at law or distributees, nor other person capable of inheriting from her. The said J. C. F. Nelson and William W. Nelson both died before she did. She died seized and possessed of much real and personal property. J. L. Nelson has been appointed trustee by the circuit court, in equity, to operate under clause (c), supra, of the will, upon the application of May Nelson, the beneficiary there named. The executor has given notice of an escheat as provided by law, section 25 et seq., Title 16, Code of 1940, and no one has asserted a claim to be next of kin to testatrix, nor set up any right as such to the estate, although two years have expired since said notice was given.

The bill asserts that all the property devised and bequeathed under clauses (a) and (b), supra, will escheat to the State.

The bill, in so far as here pertinent, contains the following prayer: "And that this court will render a declaratory decree finally construing said will of the said Lillian Ray Nelson, deceased; also that the court construe sub-division (c) of Item 2 of said will which is fully set forth in paragraph 2 of this bill of complaint and will define, enumerate and adjudicate and describe whether or not said legacy is a vested legacy in May Nelson or whether it is a contingent legacy and whether or not May Nelson has full power and authority under the terms of said will to demand and receive directly from the defendant executor the full amount of the legacy devised and bequeathed under sub-division (c) of Item 2, of said will, and whether or not the legal title to said legacy vests in the said May Nelson, and whether or not she (has) power and authority to make a full and complete disposition of said legacy, and if not, upon what terms and conditions and with what restrictions shall disposition of said legacy be made, and whether or not the complainant trustee should be required to maintain his status as trustee by appointment of this court or should he be allowed by immediate order of this court to make a final settlement of said trusteeship."

The only party respondent is the appellant as executor of the will. He filed demurrers, by which he seeks to have certain questions determined by the court. The demurrer was overruled. It is important to the executor that the decree settle authoritatively certain matters as therein set out so as to protect him in the discharge of his duties as such. In order to accomplish that purpose, appellant, by demurrer, contends that there is an absence of necessary parties. (1) That the heirs at law and distributees of J. C. F. Nelson and William W. Nelson are necessary parties, and that (2) there should be made a party some authoritative representative of the State of Alabama.

█ In the further progress of this cause, we think the proper procedure respecting the State is for the court to cause notice to be given the Governor, see sections 73, 292, Title 7, Code of 1940, and the Attorney General (see section 229, Title 55, Code of 1940), so as to authorize them to cause an intervention to be made on behalf of the State, if they see fit to do so. But while it would be desirable for the State to do so, there is no way to make it a party defendant. Section 14, Constitution.

The bill, as we have observed, was filed by the trustee appointed to administer the trust under clause (c), and by the only living beneficiary under that trust.

█ We take it to be an established principle that in such a suit in equity all persons who are shown by the bill to be directly interested in the questions sought to be settled by the decree are necessary parties. If the court is asked to declare a legal status affecting such interests, they should be present or duly represented.

Sometimes the bill makes allegations of fact which if true exclude any interest. Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756. Upon the basis of those facts persons there shown not to be interested are not necessary parties in litigation to settle controversies between others who are made parties. A bill is not demurrable on account of the absence of persons as parties, if it is apparent from its allegations that they have no interest, and no relief is sought as to them. Arnett v. Willoughby, 190 Ala. 530(1), 67 So. 426.

▮ The bill does not allege that the deceased devisees, J. C. F. Nelson and William W. Nelson, left heirs or distributees who could be affected by the decree. But if it should be treated on demurrer as though there were in existence such persons, yet its allegations as to clauses (a) and (b), if true, lead to the conclusion that those devises necessarily lapsed, because both devisees died before the death of the testatrix, with no provision for that contingency in the will, and not being under the influence of what is now section 16, Title 61, Code of 1940. Little v. Ennis, 207 Ala. 111, 92 So. 167; Caldwell v. Caldwell, 204 Ala. 161, 85 So. 493; Johnson v. Holifield, 82 Ala. 123, 2 So. 753; Crawford v. Carlisle, 206 Ala. 379(5), 89 So. 565.

It therfore shows on its face that if any such supposed persons exist, they have no interest in the subject matter of the will. True, those facts and legal results may be contested, and a decree here would not be binding on any such persons who may be in existence. But we construe a bill by its allegations, as to the necessity of other parties. If there are such persons, it might be desirable to seek relief against them also, and have them brought in as parties either to the bill by amendment, or, if not, by a cross-bill at the instance of the executor who is here complaining of their absence.

▮ There is no doubt under our authorities that when J. C. F. Nelson and William W. Nelson each died prior to the death of testatrix, their devises under (a) and (b), supra, lapsed and would have gone to the next of kin of testatrix, if she had had such, and they did not survive to the other devisees as on the death of a joint tenant. Bendall's Distributees v. Bendall's Adm'r, 24 Ala. 295(8), 60 Am. Dec. 469; Hamlet v. Johnson, 26 Ala. 557; see section 19, Title 47, Code of 1940, abolishing survivorship between joint tenants. Those authorities are, as here, with respect to tenants in common, not to joint tenants as in Lockhart v. Vandyke, 97 Va. 356, 33 S.E. 613; Hoke v. Hoke, 12 W.Va. 427.

And since testatrix died without further devising or bequeathing those shares, and left no kin or husband capable of inheriting, they escheated to the State of Alabama, Section 25, Title 16, Code of 1940.

That disposes of clauses (a) and (b) of the will in such manner as that the next of kin of those devisees are not necessary parties in the light of the allegations of the bill, respecting that feature of the will.

Appellant alleges in brief that after the execution of the will testatrix became a non compos mentis which condition continued to her death, and while she was so affected both devisees in (a) and (b), supra, died, so that she was not thereafter competent to make other disposition of those shares.

▮ We are asked to consider the fact that a lapse on account of such death gives testator, if of sound mind, an opportunity to make a new devise; otherwise it passes as in case of intestacy. It is therefore argued that when testator is incompetent to act after the death of the devisee, the court should step in and award it to the heirs of the deceased devisee. Any such act of the court would make a will for her. The court cannot say what would have been the wish of testatrix had she had a chance to express it. There is no law cited to support this theory, and we cannot accept it.

▮ We now look to subsection (c) of the will and its effect on the question argued. A proper construction of it in respect to J. C. F. Nelson and William W. Nelson is that they are given a remainder in what is undisposed of after the death of May Nelson. The property is to be used for the support, maintenance and benefit of May Nelson, and at her death what is undisposed of is given those persons. They are devisees in remainder, but none the less are they devisees as of the date of the death of testatrix under the terms of the will. The lapse of a devise because of death of the devisee before that of testator is not affected by the question of whether the devise by its terms has possessory operation in presenti or in remainder. Carter v. Balfour's Adm'r, 19 Ala. 814(7);

Pierce v. Fulmer, 165 Ala. 344, 346, 347, 51 So. 728.

Or whether it is a devise in trust, when the beneficiary dies before the death of testator. 4 Page on Wills, page 164, section 1415; 4 Schouler on Wills section 3231, note 9.

We are also invited to a consideration of the question of whether the trust under clause (c), supra, is for the mere benefit of May Nelson, and therefore a naked trust so as to vest the title thereby passed into her rather than into the trustee there named, or since he died before testatrix, in the one named as a substitute by the court. Section 6912, Code of 1923, section 144, Title 47, Code of 1940.

It is a naked trust when it is for the use of another without any active duties expressed or implied. Street v. Pitts, 238 Ala. 531(4), 192 So. 258; Kidd v. Cruse, 200 Ala. 293, 76 So. 59; Henderson v. Henderson, 210 Ala. 73(17), 97 So. 353; You v. Flinn, 34 Ala. 409. This includes any power to be exercised by the trustee as expressed or implied in the trust instrument. Trustees of Cumberland University v. Caldwell, 203 Ala. 590(10), 84 So. 846. It is also said that it is not a naked trust when its purpose is "the preservation of estates for those in remainder." 65 Corpus Juris 521, note. 51.

If the trustee is vested by the trust instrument expressly or impliedly with the power to sell the property for the use and benefit of the beneficiary, we think it would involve such active duties as to retain in him the trust relation, so as to prevent the passing of the title to the beneficiary under the statute, supra.

When the will here creates a trust for the support, maintenance and benefit of May Nelson, and then makes a devise over at her death of any part of the property undisposed of, it implied a power to dispose of by a sale. Evins v. Cawthon, 132 Ala. 184, 31 So. 441; Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458(9); Id., 217 Ala. 418, 421, 116 So. 116; Flinn v. Davis, 18 Ala. 132.

The trust provision also implies a right to consume the corpus to the extent that it is necessary for her "support, maintenance and benefit." Bradberry v. Anderson, 240 Ala. 681, 200 So. 762; Schowalter v. Schowalter, supra.

In the case of Winston v. Jones, 6 Ala. 550, it is said; "If the intention to confer the power (of sale) is apparent, to enable the executor to execute the trusts of the will, the power will be implied." Blount v. Moore, 54 Ala. 360; Hardeman v. Hardeman, 202 Ala. 18, 79 So. 356; Alstork v. Curry, 207 Ala. 135, 91 So. 796; McCollum v. McCollum's Adm'r, 33 Ala. 711.

In the McCollum case, supra, it is said that although the executor is not expressly designated as the donee of the power, it may devolve upon him by necessary implication. 134 A.L.R. 384 et seq.

If there were no trust created, a power of sale using similar terms would exist in May Nelson herself (Evins v. Cawthon, supra); but it would not be an absolute power under section 76 or 77, Title 47, Code of 1940, but limited to the purpose described in the will. Winn v. Winn, 242 Ala. 324, 6 So.2d 401. But in the instant case there is a trust attempted to be set up. The sale is to be for a certain purpose. Those statutes (sections 76, 77, supra) do not apply here.

We think the proper construction of the trust clause here under consideration is that the trustee shall provide out of the trust estate, using the corpus if necessary "for the support, maintenance and benefit of May Nelson," and to that end a sale may be made if appropriate; that what remains "undisposed of" (including that not consumed) is subject to the gift over. Since this estate is being administered in a court of equity, and the manner of executing the power is not stipulated in the will, it would be advisable, if not necessary, to sell by order of that court under the statute. Section 58, Title 58, Code of 1940; Tolley v. Hamilton, 206 Ala. 634, 91 So. 610; Martin v. Barnett, 205 Ala. 220, 87 So. 324; Bibb v. Bibb, 204 Ala. 541(3), 86 So. 376.

This procedure is proper to be exercised by a trustee appointed by the court. Doe ex dem. Gosson v. Ladd, 77 Ala. 223.

The result of it all, on the facts alleged, is that the devises under (a) and (b) escheat to the State; and under (c) an active trust is created for the support, maintenance and benefit of May Nelson during her life with the right to consume what is necessary to that end, and with the right to have a court of equity order a sale of any of it for that purpose by the trustee; and that what is left undisposed

of at the death of May Nelson escheats to the State.

We have undertaken to respond to the argument made by counsel for both appellant and appellee, looking to a construction of the will. This was urged by them both in brief, and the trial court did so in overruling the demurrer.

The bill is well drawn; makes parties all those necessary to its consideration, though there may be others who would not be concluded by a decree in this suit, unless they come in voluntarily, or are brought in by amendment or cross-bill. The bill invokes a power existing in a court of equity by those who have a right to do so. There is no ground of demurrer to the bill urged in argument, which is well taken, though we do not agree with all the legal conclusions there stated, nor with all those stated in the opinion of the court. We think the demurrer was properly overruled.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.