142 So.2d 702

**Mary Will Swanson BLUE et al.**

v.

**Annegene B. DAVIS et al.**

**4 Div. 71.**

Supreme Court of Alabama.

June 14, 1962.

Rushton, Stakely & Johnston and Roman L. Weil, Montgomery, for appellants.

Lawrence K. Andrews, Union Springs, for appellees.

SIMPSON, Justice.

This is an appeal from the ruling of the Circuit Court of Bullock County, in Equity, in a case involving the construction of a deed to lands located in Bullock County. The deed in question provides, as pertinent:

> "KNOW ALL MEN BY THESE PRESENTS, That I, Mrs. Ella Thomason a Widow, for and in consideration of the sum of ONE THOUSAND DOLLARS To me in hand paid by Mrs. Mary Will Swanson Blue, the receipt whereof I do hereby acknowledge have granted, bargained, and sold, and by these presents do hereby grant, bargain, sell and convey unto the said Mary Will Swanson Blue, the use, profits, rents and income to the lands hereinafter described, during the term of her natural life, and for and in consideration of the aforesaid consideration, I do hereby bargain, sell and convey, subject to the foregoing life estate to the said Mary Will Swanson Blue all of my right, title and interest in the said lands hereinafter described, *in equal parts to the children of the said Mary Will Swanson Blue*, in fee simple forever."

The habendum clause provides:

> "To have and to hold the aforegranted premises to the said Mary Will Swanson Blue during the term of her

natural life and *at her death to have and to hold the revisionary (sic) interest in said above described lands, in equal parts, share and share alike, to the children of the said Mary Will Swanson Blue."* (emphasis added)

At the time the deed was delivered, Mrs. Blue had three then living children who, together with Mrs. Blue, are the Appellants here. Subsequent to delivery of the deed, five other children were born to her, the Appellees here.

The trial court ruled that the deed in question vested in Mary Will Swanson Blue a life estate and that there was vested in her children living at the date of the delivery of the deed, (the Appellants) a remainder in the property conveyed thereby. He ruled, however, that the conveyance of the remainder interest was to a class rather than to specified individuals, and although it was vested in the children in esse at the date of said conveyance, in the absence of a clear indication of intent on the part of the grantor to the contrary (which was not shown), the class includes all members of that class who may be born before the termination of, in this case, the life estate and that the remainder interest, although vested, is such that will open to let in afterborn members of the class, if any such come into being before the termination of the particular estate, and that the quantum of interest in remainder held by those in esse is subject to diminution by the birth of other members of the class, finding, in effect, that Appellees had an interest in the property. It is from the trial court's decree so holding that this appeal is taken.

Appellants contend that the trial court erred in failing to hold that the above language conveyed the grantor's reversion to the three then living children of Mary Will Swanson Blue, which then vested the fee exclusively in them, the enjoyment thereof being postponed until the death of Mrs. Blue.

It is conceded that the deed should be construed to give effect to the intention of the grantor. We agree with the trial court's holding that the grantor's intention, as manifested by the language of the deed, was to convey a life estate to Appellant, Mary Will Swanson Blue, with the remainder over "to the children of the said Mary Will Swanson Blue". Appellant insists that the use of the word "revisionary" (sic) by the scrivener indicates a contrary intention. We are unpersuaded.

Section 139, Title 47 of the Code reads:

"An estate in remainder is one limited to be enjoyed after another estate is determined, or at a time specified in the future. An estate in reversion is the residue of an estate, usually the fee, left in the grantor and his heirs after the determination of a particular estate which he has granted out of it. The rights of the reversioner are the same as those of a vested remainderman in fee."

The same definitions are to be found in Black's Law Dictionary. In Wilcoxen v. Owen, 237 Ala. 169, 185 So. 897, 125 A.L. R. 539, this Court took account of the distinction between the two estates, applying the statutes as they appeared in the Code of 1923, and now contained in the Code of 1940, Title 47, § 137 et seq.

Very clearly the deed here involved provides for no reversion of the fee to be left in the grantor or her heirs. The estate granted to the children of the life tenant was a vested remainder. The nature of the estate granted after termination of the life depends upon the intent of the grantor. The fact that the draftsman used the word "reversionary" as descriptive of the interest of the children of the life tenant is not controlling. "A reversion does not become a remainder or a remainder a reversion because it is so called in the instrument creating it." 33 Am.Jur., Life Estates, Remainder, Etc., § 196.

Appellants contend that a reversion is an actual estate in praesenti, citing 33 Am. Jur. p. 668, §§ 194, 195 and Wilcoxen v.

Owen, supra. It is further contended that "a conveyance of an immediate interest in the children of 'A' conveys such interest to the then living children of 'A' to the exclusion of afterborn children," citing Porter v. Henderson, 203 Ala. 312, 82 So. 668; Vanzant v. Morris, 25 Ala. 285; Varner v. Young's Ex'r, 56 Ala. 260; Crow v. Smith, 207 Ala. 311, 92 So. 905. The case of Wilcoxen v. Owen, supra, is without application. There the granter undertook to create a remainder in his own heirs, and we held that such heirs would take as reversioners. We did not hold that the "heirs" in that case acquired an estate in praesenti, or vested.

The other cases cited do not sustain the contention that the conveyance to the children of Mrs. Blue constituted an immediate interest to the children then living. In each of these cases there was a direct grant or bequest to a named person and her children, not a reversion or a remainder after termination of a life estate.

The real question in this case is whether the afterborn children of the life tenant were or were not included as remaindermen. In other words, is the grant of the remainder to individuals or to a class? We hold the grant is to a class, as we will show.

■ This court has consistently applied the rule that, in the absence of a clear expression of a contrary intention on the part of the grantor, a remainder to the children of a life tenant is a remainder to a class, the members being composed of all the children of the life tenant without regard to the time of birth. Although the interest of the children then in being be said to be vested in them, the enjoyment of such interest is postponed until the falling in of the life estate, and such remainder will be opened up to let in children subsequently born. Duncan v. De Yampert, 182 Ala. 528(15), 62 So. 673; Bibb v. Bibb, 204 Ala. 541(1), 86 So. 376; Henry v. Griffith, 242 Ala. 598(5) (6), 7 So.2d 560;

Goodman v. Winter, 64 Ala. 410; Dunn v. Davis, 12 Ala. 135; 33 Am.Jur., Life Estates, Remainders, etc., § 134; 57 A.L.R. 2d 103, et seq. As said in Am.Jur., supra, "The interest of the remaindermen is subject to a contingency affecting the quantum of their interest, but not the quality of their estate."

The principle is thus stated in I Simes, Law of Future Interests, § 76, p. 120:

"A remainder limited without words of condition to a class of persons, one or more of whom is in existence and ascertained, is vested, though subject to be divested in part by the coming into existence or ascertainment of other members of the class."

The use of the word "reversionary" instead of "remainder" interest could not change the rule. The nature of the estate can not be changed by calling it something else. Tiffany (3rd Ed.), Real Property, Vol. 2, § 317, pp. 15–16 states:

"* * * when one person creates an estate less than his own in favor of another, without disposing of his own estate, his estate is thereafter an estate in reversion, so the law says that, when one creates, by one instrument, two or more estates, so that the possession incident to one estate is temporarily exclusive of the possession incident to another, the latter is an estate in remainder as regards the other. Even an express declaration by the grantor that such estate is not to be a remainder would be nugatory."

■ Guided by these authorities, we think it quite clear that the deed created a remainder in the then living children of the life tenant at the time of delivery of the deed. It was not changed into a conveyance of the grantor's reversion simply by calling it that. Therefore, if it was a remainder it was vested in a class and, as such, was subject to open and let in other after-born members of that class. Certainly, if the grantor had desired to limit the

gift to the then living children of the life tenant, it would have been very simple to have named them, thereby avoiding the "class" interpretation.

As a precaution, we point out that we have present in this case no such question as might arise upon the death of one or more remaindermen who were in being when the deed was executed.

We reach the conclusion that the decree of the trial court was correct.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.