ALMON, Justice.
This case requires the construction of a will. The question is whether a devise of a remainder to a named son and daughter or their remaining issue constituted a.-class gift. The trial court found that the devise to the deceased childless brother failed, and ordered that the interest in question pass as in intestacy. We affirm.
Morgan H. Knowlton departed this life on July 8, 1946, leaving a last will and testament which was duly probated in the Probate Court of Baldwin County, Alabama. He was survived by his widow, Rosa Knowlton, and three children: Clinton Knowlton, Rexford Knowlton, and Beatrice Knowlton Henderson. The will devised a life estate to Rosa. Following Rosa’s remarriage (which did not occur) or her death, Clinton was to take forty acres known as the home-forty plus all tools, machinery, cattle and work animals remaining; the residue of the property was to “be equally divided unto my other son Rexford Knowl-ton, and my daughter, Beatrice Knowlton Henderson, or their remaining issue, as the case may be.”
Rexford died on September 20,1974, leaving no issue. Clinton died on July 20, 1977, survived by five children, the appellees herein. Rosa died on March 26, 1980. On January 22, 1981, Beatrice filed this action for a declaratory judgment decreeing that she owned the residuary estate, 120 acres in Baldwin County, in fee simple. The complaint sought alternatively that, should the court find Beatrice and the defendants owned the property as tenants in common, the court would order a sale for division.
The court entered a final judgment which included the following findings and conclusions:
*1221 “12. That the interest of the residuary-takers, Rexford Knowlton and Beatrice Knowlton Henderson, were as of the effective date of Morgan H. Knowlton’s Will, July 8, 1946, separate vested remainders subject to complete divestment should they either fail to survive the life tenant, their mother.
“13. That the aforementioned term ‘or their remaining issue as the case may be’ gave the respective issue or respective potential issue of Rexford Knowlton and Beatrice Knowlton Henderson, as two distinct classes, shifting executory interest's in the disputed One Hundred Twenty (120) acres, which could have only vested in possession, but which never did.
“14. That Plaintiff-Beatrice Knowlton Henderson became indefeasibly vested and was due present possession of one half of the disputed realty upon the death of the life tenant in 1980.
“15. That Rexford Knowlton’s interest in the disputed property failed when he died in 1974 failing to survive the life tenant.
“16. That as Rexford Knowlton had no lineal descendants as of his death, the shifting executory gift over to his ‘issue’ failed.
“17. That Rexford Knowlton’s one-half interest in his father’s residuary, upon its failure and upon his dying leaving no class to take, reverted to Morgan H. Knowlton’s estate as of 1974 and should pass to Morgan H. Knowlton’s heirs at law as by intestacy, as the testator’s estate possessed a reversion and as lapsed or ineffectual devisees [sic] of real property do not pass back again through residuary clauses.”
The court held that the failed remainder to Rexford vested one-half each in Clinton and Beatrice as of Rexford’s death, and that Clinton’s share, one-fourth of the 120 acres, passed to his children upon his death. The property was ordered to be sold for division, with three-fourths of the proceeds to go to Beatrice and one-twentieth to each of Clinton’s five children.
Beatrice appeals, arguing that the gift to her and Rexford was a class gift and that upon his death she took a remainder interest in the entire residuary estate, being the only surviving member of the class. In support of her assertion that such was the intent of her father as expressed in his will, she states,
“The general scope of his will and the general purpose of Mr. Knowlton was to ultimately vest the title to the ‘home-forty’ and all machinery, etc., in his son Clinton and the remainder of his property in his other children. There is nothing in the will to indicate that the testator wanted the interest of his son Rexford to lapse in the event he did not survive his mother and left no issue surviving. On the contrary, the testamentary plan of the decedent indicates, without question, that he was interested in Rexford and Beatrice as a group to whom he was giving something since he had already devised his home, forty acres and all machinery, etc., to his other child.”
The appellees respond that the intent manifested in the will was that each of the children be treated approximately equally and as individuals, not as a class. In keeping with this intent, appellees argue, Rex-ford’s share should be divided equally among the testator’s remaining children or their issue. Further, they point out that “As a general rule, where a testator names the individuals by name, there is a presumption that he intended to make a gift to individuals and not to a class.” Cates v. Bush, 295 Ala. 256 at 259-60, 326 So.2d 742 (1976).
We agree with the appellees. We note initially that the words “or their remaining issue” are to be construed not as words of limitation but as words of substitution or purchase. George v. Widemire, 242 Ala. 579, 7 So.2d 269 (1942). Thus the trial court correctly held that the potential interest in Rexford’s issue was a shifting executory devise and that upon Rexford’s death without issue both his interest and the potential interest in his issue failed. The trial court also held correctly that upon *1222 the failure or lapse of these interests with no provision for that contingency in the will, the remainder in one-half of the residuary estate passed back into the estate and descended as in intestacy. Morgan County National Bank of Decatur v. Nelson, 244 Ala. 374, 13 So.2d 765 (1943).
The intention of the testator governs as to whether a gift is to persons as individuals or as members of a class. Henry v. Griffith, 242 Ala. 598, 7 So.2d 560 (1942). Rules of construction used to aid in determining this intent include the presumption that where the number of beneficiaries and the share they are to take is uncertain until the devise or bequest takes effect, the gift is one to a class; but where the number of beneficiaries or the share they are to take is certain, the gift is to them individually and not as a class. Id. Reference to persons by terms indicative of their common status or attributes indicates the testator intended a class gift, id.; conversely, reference to them by name is evidence of intent to give to the persons individually. Cates v. Bush, supra.
The devise to Rexford and Beatrice named them individually. The gift over to their issue indicates their father thought of each of them as taking a certain share — i.e., half of the 120 acres — with their share passing to their children. The gift of 60 acres to each of them compares to the gift of 40 acres plus the house, equipment, and animals to Clinton in such a way as to indicate their father wished to treat the three children approximately equally. This apparent wish is better served by the trial court’s result of dividing Rexford’s share equally between Clinton’s descendants on the one hand and Beatrice on the other than by alloting 120 acres to Beatrice and the home-forty to Clinton’s children.
A further argument raised by Beatrice assumes that Rexford’s share descended through his intestate estate to his mother, sister, and brother. This misconstrues the correct holding by the trial court that his share reverted to his father’s estate, Morgan County National Bank, supra, and passed thence to Beatrice and Clinton.
For the reasons discussed above, the decision of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.